The Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DERRICK MAURICE JACKSON and AMANDA MATTESON LEENHOUTS (aka AMANDA JACKSON),<br>Defendants. | No. 2:25-cr-00043-RAJ<br><br>**FINAL ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Consolidated Motion for a Final Order of Forfeiture (the "Motion") for the following property (collectively, the "Subject Property"), which was seized from the residence of Defendant Derrick Maurice Jackson and Defendant Amanda Matteson Leenhouts, at 13208 SE 307th Ave., Auburn, Washington (the "Jackson/Leenhouts Residence"):

1. The following property, seized on or about February 28, 2025, from the Jackson/Leenhouts Residence:
   a. One Glock 27, .40 caliber pistol, bearing serial number BYGL584, and any associated ammunition (the "Glock Pistol");
   b. A magazine and assorted rounds of .40 caliber ammunition;
   c. $24,604 in U.S. currency;



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

d. One Rolex watch, with a value of approximately $39,000; and

e. Assorted jewelry, with a value of approximately $39,900, further described as:

i. One necklace, without pendant;

ii. Two diamond rings;

iii. One diamond bracelet;

iv. One “D Jackson” pendant;

v. One “Kent the world is mine” pendant;

vi. One diamond chain necklace;

vii. One plain chain necklace;

viii. One “D Jackson” necklace; and

ix. One “D Jack” three finger ring;

2. The following property, seized on or about May 15, 2025, from the Jackson/ Leenhouts Residence:

a. $11,940 in U.S. currency;

b. One gray 2019 BMW X5, bearing Washington license plate CKG7252 (the “BMW X5”);

c. One green 1987 Buick Regal, bearing Washington license plate CNH6420 (the “Buick Regal”); and

d. Luxury clothing, with an estimated value of $30,930, further described as:

i. Four Moncler Maya jackets;

ii. One Moncler High-Shine Padded jacket;

iii. Six Moncler Cardamine vests;

iv. One Moncler Barthe down vest;

v. Two Moncler vests; and

vi. One Louis Vuitton vest.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS a Final Order of Forfeiture is appropriate because:

1. In the Plea Agreement that Defendant Leenhouts entered on January 6, 2026, she agreed to forfeit her interest in the Subject Property, pursuant to 21 U.S.C. § 853, as property constituting, or derived from, any proceeds she obtained from her commission of *Conspiracy to Distribute Controlled Substances*, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Count 1 of the Superseding Indictment), and/or as property that was used or intended to be used, to commit or facilitate her commission of this offense (Dkt. No. 84 ¶ 13);

2. In her Plea Agreement, Defendant Leenhouts also agreed to forfeit her interest in the BMW X5 and the Buick Regal, pursuant to 18 U.S.C. § 982(a)(1), as property involved in or traceable to property involved in her commission of *Conspiracy to Commit Concealment Money Laundering*, in violation of 18 U.S.C § 1956(h) (Count 8) (*id*);

3. In the Plea Agreement that Defendant Jackson entered on April 21, 2026, he agreed to forfeit his interest in the Subject Property, pursuant to 21 U.S.C. § 853, as property constituting, or derived from, any proceeds he obtained from his commission of *Conspiracy to Distribute Controlled Substances*, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (lesser included offense of that charged in Count 1), and *Possession of Controlled Substances with Intent to Distribute*, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (lesser included offense of that charged in Count 2), and/or as property that was used or intended to be used to commit or facilitate his commission of these offenses (Dkt. No. 108 ¶ 13);



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. In his Plea Agreement, Defendant Jackson agreed to forfeit his interest in the Glock Pistol (including associated ammunition), pursuant to 18 U.S.C. § 924(d), by way of 28 U.S.C. § 2461(c), as a firearm and ammunition involved in his commission of *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3) (*id*);

5. In his Plea Agreement that Defendant Jackson entered on April 21, 2026, he agreed to forfeit his interest in the BMW X5 and the Buick Regal, pursuant to 18 U.S.C. § 982(a)(1), as property involved in or traceable to property involved in his commission of *Conspiracy to Commit Concealment Money Laundering,* in violation of 18 U.S.C. § 1956(h) (Count 8), and *Conspiracy to Commit Transactional Money Laundering*, in violation of 18 U.S.C. § 1956(h) (Count 9) (*id*);

6. On February 10, 2026, the Court entered a Preliminary Order of Forfeiture as to Defendant Leenhouts, finding the Subject Property forfeitable pursuant to 21 U.S.C. § 853; finding the BMW X5 and Buick Regal forfeitable pursuant to 18 U.S.C. § 982(a)(1); and forfeiting Defendant Leenhouts' interest in the Subject Property (Dkt. No. 92);

7. On June 5, 2026, the Court entered a Preliminary Order of Forfeiture as to Defendant Jackson, finding the Subject Property forfeitable pursuant 21 U.S.C. § 853; finding the Glock Pistol forfeitable pursuant to 18 U.S.C. § 942(d), by way of 28 U.S.C. § 2461(c); finding the BMW X5 and Buick Regal forfeitable pursuant to 18 U.S.C. § 982(a)(1); and forfeiting Defendant Jackson's interest in the Subject Property (Dkt. No. 119);

8. The United States published notice of the pending forfeitures as required by 21 U.S.C. § 853(n)(1) and Fed. R. of Crim. P. 32.2(b)(6)(C) (Dkt. Nos. 101, 151);



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. The United States sent direct notice to four potential claimants and to any Residents at the Jackson/Leenhouts Residence, as required by Fed. R. Crim. P. 32.2(b)(6)(A) and Supplemental Rule G(4)(b)(iii)-(v) of the Supplemental Rules for Certain Admiralty and Maritime Claims (*see* Declaration of AUSA Karyn S. Johnson in Support of Consolidated Motion for a Final Order of Forfeiture, ¶¶ 2-3, and Exhibits A-D); and

10. The time for filing third-party petitions has expired, and none were filed.

NOW, THEREFORE, THE COURT ORDERS:

1. No right, title, or interest in the Subject Property exists in any party other than the United States;

2. The Subject Property is fully and finally condemned and forfeited, in its entirety, to the United States; and,

3. The United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives, and/or their representatives, are authorized to dispose of the Subject Property as permitted by governing law.

IT IS SO ORDERED.

DATED this 5th day of November, 2026.

The Honorable Richard A. Jones
United States District Judge



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970